Chief Justice Robertson,
delivered the opinion of the court.
This was a decree against an absent defendant, and his resident debtor, attaching the debt for the benefit of the complainant, who was the creditor of the absent defendant.-
The decree, directed the resident debtor to pay to the complainant what he owed to the absent defendant; but it did not, as the act of 1796, (1 Dig. 59,) prescribes, require the complainant to execute bond “for abiding such future order as may be made for restoring the estate or effects to the absent defendant, upon his appearance and answering the bill.” As, therefore, the complainant would be entitled under the decree, to the amount decreed to be paid by the resident defendant, and might have execution therefor, the decree is erroneous, as it did not require bond for restitution. As no bond was given, the proper decree would have been, to direct the money to be paid into court, or to a receiver appointed by the court for its safe keeping.
The bond, which was executed by the complainant, on obtaining an order restraining the resident debtor from paying his non-resident creditor, was not such as the statute requires for securing the restitution of the money which was decreed to be paid to the complainant. The injunction bond secures only the costs and damages which may result from the restraining order. The statute requires such a bond. But it also requires another bond for restitution. It requires a bond for securing compliance with any order for restitution which may be made, and the injunction bond is not sufficiently comprehensive for that purpose.
"Wherefore, the decree is reversed, and the cause, remanded for a decree to be entered, according to this opinion.